23-7734
Inga-Carchi v. Bondi

BIA
Perl, IJ
A220 576 151/240 477 692

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand twenty-six.

PRESENT:
> DENNIS JACOBS,
> GUIDO CALABRESI,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

NELLY ELIZABETH INGA-CARCHI,
GEICO ALEXANDER AGUIRRE-INGA,
> *Petitioners*,

v.                                                     **23-7734**
                                                       **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONERS:**     James A. Welcome, Waterbury, CT.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Song Park, Assistant Director; Margot P. Kniffin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Nelly Elizabeth Inga-Carchi and her minor child, natives and citizens of Ecuador, seek review of an October 12, 2023, decision of the BIA affirming a December 12, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Inga-Carchi,* Nos. A 220 576 151/240 477 692 (B.I.A. Oct. 12, 2023), *aff'g* Nos. A 220 576 151/240 477 692 (Immig. Ct. N.Y. City Dec. 12, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings for substantial evidence, and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d

2

Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to establish past persecution, or, alternatively, a well-founded fear or likelihood of future persecution, and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (the "one central reason" standard applies to both asylum and withholding of removal). When an applicant asserts a particular social group as the protected characteristic, an applicant must establish both that the proposed particular social group is cognizable and that the persecutor was or will be motivated by the applicant's membership in the group. *See Paloka v. Holder*, 762 F.3d 191, 195–96 (2d Cir. 2014) (to constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question" (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A.

3

2014)). Moreover, "[t]o qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quotation marks omitted).

Evidence provided by Inga-Carchi, including country condition reports and a "Bill of Aid" granted to her by the "Judicial Unit of Violence Against Women and the Family of Cuenca," reasonably cast doubt on her allegation that police refused to help her unless she paid for their protection, making corroboration necessary. "Where the [IJ] determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1231(b)(3)(C). Before denying a claim based on a failure to provide corroborating evidence, the IJ must (1) identify specific pieces of missing relevant documentation and explain why they were reasonably available; (2) provide an opportunity for the applicant to explain the omission; and (3) assess any explanation given. *Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018).

4

As an initial matter, Inga-Carchi has abandoned any challenge to the corroboration finding by not addressing it in her brief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). Even if she had raised it, the IJ properly identified the missing evidence—detailed statements from family and acquaintances in Ecuador, evidence of the law she claimed required her to pay for police protection, and medical records—and gave Inga-Carchi an opportunity to address each item, but she failed to allege or establish that such evidence was not reasonably available. *See Wei Sun*, 883 F.3d at 31. Because the failure to corroborate is dispositive, the Court need not reach any other issues. *Id.*; *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Inga-Carchi's remaining argument, that the IJ was required to address whether her proposed social groups were cognizable, fails for the same reason: the agency does not have to address issues that are unnecessary to the outcome. *Bagamasbad*, 429 U.S. at 25. She appears to suggest that domestic violence claims

have a distinct framework, set forth in *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (B.I.A. 2014). However, that case did not establish a separate legal standard for domestic violence claims; instead it explained when domestic violence survivors may be considered a "particular social group" under the statute. *See A-R-C-G-*, 26 I. & N. at 390–95; *see also Paloka*, 762 F.3d at 195–96. The remaining elements of an asylum or withholding claim—such as nexus to a protected ground or a government's ability or willingness to prevent harm by private actors—are independent inquiries, though certain facts may be relevant to multiple elements of an applicant's claim. *See, e.g.*, *A-R-C-G-*, 26 I. & N. Dec. at 395 (remanding to determine if the applicant had demonstrated "the Guatemalan Government was unwilling or unable to control the 'private' actor"). As explained above, because Inga-Carchi's failure to corroborate her allegations as to the unwilling-or-unable element of her asylum and withholding of removal claims is dispositive, the IJ did not err by declining to determine the cognizability of her proposed social groups.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6